UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERA WASHINGTON,

      Plaintiff,

v.                                   Case No. 17-10408

CONLY CROSSLEY,                        HON. AVERN COHN

      Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND
## DISMISSING COMPLAINT

### I.  Introduction

Plaintiff Vera Washington, proceeding pro se, has filed a complaint naming Conly Crossley as defendant.

Plaintiff also seeks to proceed in forma pauperis.  Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status.  For the reasons that follow, however, the complaint will be dismissed.

### II.  Legal Standard

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Moreover, a federal court is  always

"under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v.
City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action
over which it has no jurisdiction.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des
Bauxites de Guinee, 456 U.S. 694, 701 (1982).  Indeed, a court is required to dismiss
an action at any time if it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3);
See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court
may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404
U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly
irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

### III.  Discussion

The Court has read the complaint.  As best as can be gleaned, plaintiff says that
defendant, an attorney licensed in Michigan, committed fraud, embezzled funds, and
deprived plaintiff and her descendants of due process regarding "an illegal lease
agreement."  It also appears that there is a proceeding in state probate court involving
plaintiff in which defendant may be playing a role.

The complaint must be dismissed for lack of jurisdiction and for failure to state a
claim.  To the extent plaintiff claims a violation of her constitutional rights, such a claim
would be brought under 42 U.S.C. § 1983.  However, in order "[t]o state a claim under §
1983, a plaintiff must allege the violation of a right secured by the Constitution and laws
of the United States and must show that the alleged deprivation was committed by a
person acting under color of state law."  Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241,
1244 (6th Cir.1989).  Although plaintiff says that defendant is a "government employee,"

2

the complaint does not plausibly allege any action of defendant which can be attributed to the state.  Thus, she cannot make out a viable constitutional claim.

Moreover, to the extent plaintiff relies on criminal statutes as a basis for her claims, criminal statutes do not provide plaintiff with a private cause of action.  See Kafele v. Frank & Wooldridge Co., 180 F. App'x 307, 308–09 (6th Cir.2004).

At best, plaintiff has alleged state law claims against defendant.  Because is appears likely that defendant is also a citizen of Michigan, these claims cannot be brought in federal court.

## IV.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction and for failure to state a claim.  The Court also certifies that any appeal from this decision could not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2017
Detroit, Michigan